**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAYSON SCHOTT, | |
|                Plaintiff, | |
|     vs. | Civil Action No.: 2:11-cv-01324 |
| BAC HOME LOANS SERVICING, LP; BANK OF AMERICA; AMERICA'S WHOLESALE LENDERS; MERSCORP, INC.; BANK OF NEW YORK-MELLON; GOLDBECK, MCCAFFERTY & MCKEEVER; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. Jointly, severally and/or in the alternative, | |
|                Defendants. | |

**DEFENDANTS BANK OF AMERICA, N.A., MERSCORP, INC. AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

REED SMITH LLP
K. Issac deVyver (Pa. I.D. 202655)
Jarrod D. Shaw (Pa. I.D. 93459)
Gretchen Woodruff Root (Pa. I.D. 309683)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
Phone: (412) 288-3131
Fax: (412) 288-3063

*Counsel for Defendants*

Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, L.P., MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc.

## TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................1

II.   FACTUAL BACKGROUND .................................................................4

    A.    Plaintiff's Note And Mortgage Were Executed In 2004 ..........................4

    B.    MERS Initiated Foreclosure On Plaintiff's Mortgage In 2008................5

    C.    Plaintiff's Allegations In His Amended Complaint.................................6

        1.    Plaintiff's Allegations Regarding MERS....................................7

        2.    Plaintiff's Allegations Regarding Bank Of America ..................7

III.  ARGUMENT ........................................................................................7

    A.    This Court Lacks Subject Matter Jurisdiction To Decide Plaintiff's Claims
       Based Upon Rescission Of The Mortgage And The Foreclosure-Based
       Claims Pursuant To The *Rooker-Feldman* Doctrine .................................7

    B.    Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff's
       Claims Are Precluded By The Doctrine of *Res Judicata* And They Are
       Time-Barred.......................................................................................11

        1.    Plaintiff's Attempt To Bypass The State-Court Judgment Is Barred
           By The Doctrine Of *Res Judicata* ..............................................11

           a.    Identity In The Thing Being Sued Upon Or For...........................12

           b.    Identity Of The Cause Of Action...................................13

           c.    Identity Of The Persons And Parties To The Action...................15

           d.    Identity Of The Quality Or Capacity Of The Parties...................16

        2.    Plaintiff's TILA, RESPA, FDCPA, Slander Of Title, Negligent
           Supervision And Fraud-Based Claims Are Time-Barred And
           Should Be Dismissed In Their Entirety .......................................16

           a.    Plaintiff's TILA Claims Are Time-Barred ..................16

           b.    Plaintiff's FDCPA Claim Is Time-Barred ..................17

           c.    Plaintiff's RESPA Claim Is Time-Barred.....................17

d. Plaintiff's Slander Of Title Claim Is Time-Barred ........................18

e. Plaintiff's Negligent Supervision Claim Is Time-Barred ..............18

f. Plaintiff's Fraud-Based Claims Are Time-Barred ........................19

C. Each Of Plaintiff's Claims Against Bank Of America And MERS Should Be Dismissed Because Plaintiff Has Failed To Comply With Rules 8(a) And 9(b) Of The Federal Rules Of Civil Procedure ...............................19

1. Plaintiff's Conclusory Allegations Compel Dismissal Under Rule 8(a)........................................................................................19

2. Plaintiff's Fraud-Based Claims Should Be Dismissed For Failure To Plead The Underlying Fraud With The Specificity Required By Rule 9(b) ......................................................................................21

D. Plaintiff's FDCPA And Negligent Supervision Claims Fail To State Any Claim Upon Which Relief May Be Granted Because Plaintiff Fails To Plead The Requisite Elements .................................................................22

1. Plaintiff's FDCPA Does Not Apply To Bank Of America Or To MERS .....................................................................................22

a. Neither Bank of America Nor MERS Is A Debt Collector ...........23

i. Bank Of America Is A Loan Servicer – Not A Debt Collector.......................................................................23

ii. FDCPA Does Not Apply To MERS Because MERS Is Not A Debt Collector ....................................................24

b. Bank Of America Did Not Attempt To Collect On A Debt ..........24

2. Plaintiff's Negligent Supervision Claim Fails Because Plaintiff Fails To Plead The Requisite Elements ....................................................25

E. Plaintiff Should Not Be Permitted To Amend The First Amended Complaint........................................................................................26

IV. CONCLUSION...............................................................................26

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009)...................................................................................... 2, 19, 20

*Beach v. Ocwen Fed. Bank*,
    523 U.S. 410 (1998)................................................................................................. 16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................... 2, 19, 20

*Bell v. Brady*,
    31 A.2d 547 (Pa. 1943)........................................................................................... 18

*Brezenski v. World Truck Transfer Inc.*,
    755 A.2d 36 (Pa. Super. Ct. 2000)......................................................................... 25

*Burlington Coat Factory Secs. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ................................................................................. 26

*Callery v. Mun. Auth. of Blythe*,
    243 A.2d 385 (Pa. 1968)......................................................................................... 12

*Chada v. Chada*,
    756 A.2d 39 (Pa. Super. Ct. 2000).......................................................................... 11

*D.C. Court of Appeals v. Feldman*,
    460 U.S. 462 (1983)................................................................................................... 7

*Dawson v. Dovenmuehle Mortg., Inc.*,
    2002 WL 501499 (E.D. Pa. Apr. 3, 2002) ............................................................ 23

*Del Turco v. Peoples Home Savings Assoc.*,
    478 A.2d 456 (Pa. Super. Ct. 1984)......................................................... 12, 13, 14

*Dempsey v. Walso Bureau Inc.*,
    246 A.2d 418 (Pa. 1968)......................................................................................... 25

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280 (2005)............................................................................................. 7, 8

*Flamm v. Sarner & Assocs., P.C.*,
    2002 WL 31618443 (E.D. Pa. Nov. 6, 2002) ....................................................... 23

*Foley v. Pittsburgh-Des Moines Co.*,
    68 A.2d 517 (Pa. 1949)........................................................................................... 18

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ........................................................................... 19

*Fox v. Gabler*,
    626 A.2d 1141 (Pa. 1993) ............................................................................... 12

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
    615 F.3d 159 (3d Cir. 2010) ............................................................................. 9

*Gregory v. Chehi*,
    843 F.2d 111 (3d Cir. 1988) ...................................................................... 11, 12

*Hochman v. Mortgage Fin. Corp.*,
    137 A.2d 252 (Pa. 1927) ............................................................................ 12, 16

*In re Dougal*,
    395 B.R. 880 (Bankr. W.D. Pa. 2008) ............................................................. 9

*In re Knapper*,
    407 F.3d 573 (3d Cir. 2005) ........................................................................ 8, 9

*In re Madera*,
    388 B.R. 586 (Bankr. E.D. Pa. 2008),
      *aff'd*, 586 F.3d 228 (3d Cir. 2009) ........................................................... 8, 10

*In re Randall*,
    358 B.R. 145 (Bankr. E.D. Pa. 2006) ............................................................. 8

*Jacobowitz v. M&T Mortg. Corp.*,
    372 Fed. App'x 225 (3d Cir. 2010) ................................................................ 10

*Laychock v. Wells Fargo Home Mortg.*,
    2008 WL 2890962 (E.D. Pa. July 23, 2008),
      *aff'd*, 399 F. App'x 716 (3d Cir. 2010) ................................................... 10, 11

*London v. Philadelphia*,
    194 A.2d 901 (Pa. 1963) ................................................................................ 13

*Lum v. Bank of America*,
    361 F.3d 217 (3d Cir. 2004) .......................................................................... 21

*Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.*,
    372 F.2d 18 (3d Cir. 1966) ............................................................................ 18

*Martin v. Poole*,
    336 A.2d 363 (Pa. Super. Ct. 1975) .......................................................... 13, 14

*McGill v. Southwark Realty Co.*,
   828 A.2d 430 (Pa. Commw. Ct. 2003) ................................................................. 12

*Morgan v. Hanna Holdings, Inc.*,
   2010 WL 1286946 (W.D. Pa. Mar. 31, 2010) ...................................................... 26

*O'Connor v. O'Connor*,
   139 A. 734 (Pa. 1927) ........................................................................................... 15

*Oldroyd v. Assoc. Consumer Discount Co.*,
   863 F. Supp. 237 (E.D. Pa. 1994) ......................................................................... 16

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
   998 F.2d 1192 (3d Cir. 1993) ............................................................................. 4, 5

*Perkins v. Beltway Capital, LLC*,
   773 F. Supp. 2d 553 (E.D. Pa. 2011) ................................................................. 9, 10

*Pollice v. Nat'l Tax Funding, L.P.*,
   225 F.3d 379 (3d Cir. 2000) .................................................................................. 23

*Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*,
   809 A.2d 243 (Pa. 2002) ....................................................................................... 18

*Roberts v. Gibson*,
   251 A.2d 799 (Pa. Super Ct. 1969) ....................................................................... 12

*Romberger v. Wells Fargo Bank, N.A.*,
   2008 WL 3838026 (E.D. Mich. Aug. 14, 2008) .................................................... 24

*Rooker v. Fidelity Trust Co.*,
   263 U.S. 413 (1923) ................................................................................................. 7

*Silverstein v. Percudani*,
   422 F. Supp. 2d 468 (E.D. Pa. 2006),
   *aff'd*, 207 F. App'x 238 (3d Cir. 2006) ............................................................. 21, 22

*Staub v. Harris*,
   626 F.2d 275 (3d Cir. 1980) .................................................................................. 23

*Stevenson v. Silverman*,
   208 A.2d 786 (Pa. 1965) ................................................................................... 12, 15

*Zlupko v. Wash. Mut. Bank*,
   2004 WL 2297400 (E.D. Pa. Oct. 13, 2004) ........................................................ 23

## Statutes

12 U.S.C. § 2605 ........................................................................................................ 17

12 U.S.C. § 2614 ........................................................................................................ 17

15 U.S.C. § 1635(f) ..................................................................................................... 16

15 U.S.C. § 1640(e) .................................................................................................... 16

15 U.S.C. § 1692a(5) .................................................................................................. 25

15 U.S.C. § 1692a(6) ............................................................................................. 23, 24

15 U.S.C. § 1692k(d) .................................................................................................. 17

42 Pa. Con. Stat. § 5524 ............................................................................................. 18

42 Pa. Con. Stat. § 5524(7) ........................................................................................ 19

73 Pa. Con. Stat. §§ 201-1 - 201-9.2 *et seq.* .............................................................. 6

## Rules

Fed. R. Civ. P. 8(a) ............................................................................................. passim

Fed. R. Civ. P. 9(b) .......................................................................................... 3, 20, 22

Fed. R. Civ. P. 12(b)(1) ........................................................................................... 3, 11

Fed. R. Civ. P. 12(b)(6) ...................................................................................... passim

Pa. R.C.P. 1142 .......................................................................................................... 12

Pa. R.C.P. 1148 .......................................................................................................... 14

Pa. R.C.P. 3021(a)(3) ................................................................................................... 9

## Regulations

12 C.F.R. § 226.2(a)(13) ............................................................................................. 17

## Other Authorities

Black's Law Dictionary 597 (7th ed. 2000) ................................................................ 12

Pa. Const. art. 5, § 5 .................................................................................................. 11

Restatement (Second) of Judgments § 22 (1980) ...................................................... 13

**Exhibits**

Plaintiff's Exhibits

Mortgage ......................................................................................................Exhibit A

Mortgage ...................................................................................................... Exhibit A-2

Adjustable Rate Note ....................................................................................Exhibit B

Mortgage Foreclosure Complaint Coversheet ...........................................Exhibit C

Defendants' Exhibits

Mortgage ......................................................................................................Exhibit D

Mortgage Foreclosure Complaint ............................................................... Exhibit E

Mortgage Foreclosure Docket Report........................................................ Exhibit F

Praecipe for Default Judgment in Mortgage Foreclosure .........................Exhibit G

Praecipe for Writ of Execution in Mortgage Foreclosure.........................Exhibit H

## I.     <u>INTRODUCTION</u>

Plaintiff Jayson Schott has brought this action against BAC Home Loans Servicing, LP, and its successor by merger, Bank of America, N.A., (collectively, "Bank of America")[1] MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc., (collectively, "MERS") (and both collectively, "Defendants"), along with other defendants, for alleged breaches of his note and mortgage, and purported violations of state and federal law.  All of Plaintiff's claims are predicated upon Defendants' purported predatory lending and wrongful foreclosure on Plaintiff's property.  All of the purported claims fail, however, as a matter of law.

First, the Court lacks subject matter jurisdiction over Plaintiff's First Amended Complaint ("Amended Complaint") because Plaintiff is improperly seeking to appeal a Pennsylvania court judgment.  Specifically, Plaintiff's property at issue has already been subject to foreclosure proceedings in the Allegheny County Court of Common Pleas.  Thus, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine as to any of Plaintiff's claims that seek rescission of the mortgage or arise out of the purported wrongful foreclosure.  Plaintiff simply cannot circumvent this jurisdictional barrier and accordingly Plaintiff's action should be dismissed.

To the extent that this Court seeks to exercise jurisdiction over this matter, however, Plaintiff's Amended Complaint should be dismissed because it fails to state a claim upon which relief may be granted, for multiple, independent reasons.

Most importantly, Plaintiff's claims are barred by multiple preclusionary rules of procedures, namely *res judicata* and statutes of limitations.  *Res judicata* applies as to MERS

---

[1]  Plaintiff's First Amended Complaint erroneously refers to Bank of America, N.A. as Bank of America.

because Plaintiff's property was already subject to foreclosure and MERS was a party in the foreclosure action.   Therefore, Plaintiff is precluded from bringing any claim against MERS that Plaintiff could have brought as a counterclaim in the foreclosure action.   Accordingly, because Plaintiff failed to plead his claims at that juncture, he is precluded from bringing them now. Further, Plaintiff's remaining claims as to MERS and his claims as to Bank of America are time-barred.   Plaintiff's mortgage was executed in 2004 (more than seven years prior to filing his federal complaint); thus, any claims arising out of the mortgage are time-barred.   Furthermore, the foreclosure action was initiated in 2008 (more than three years prior to filing his federal complaint); thus, any claims arising out of improper foreclosure are time-barred.

Lastly, the First Amended Complaint fails to meet the requisite pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*.   Under *Iqbal/Twombly*, Plaintiff's allegations require more than "labels and conclusions" or "a formulaic recitation of the elements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Notwithstanding this pleading standard, Plaintiff makes sweeping, generalized and conclusory allegations in an attempt to hold Defendants – collectively – liable for predatory lending and wrongful foreclosure.   Plaintiff's group pleading is improper.   Indeed, there is no way for Defendants to discern from the face of the Amended Complaint which claim pertains to which Defendant.   Plaintiff's generalized allegations are insufficient and therefore must be dismissed.   Plaintiff's fraud-based claims suffer from similar shortcomings:   Plaintiff fails to plead his fraud-based claims with the particularly required by Rule 9 of the Federal Rules of Civil Procedure and fails to place Defendants on notice of the precise misconduct with which they are charged.

For all of these reasons, which are set forth in more detail below, Plaintiff's Amended Complaint should be dismissed in it its entirety, with prejudice.  For the Court's convenience and as supported, *supra*, below is a chart that identifies each Count asserted in the First Amended Complaint and the multiple reasons why each Count fails as a matter of law.

| COUNT | GROUNDS FOR DISMISSAL[2] | |
|---|---|---|
| | **Bank of America** | **MERS** |
| **COUNTS I, IV-XII**<br>TILA damages claims | 12(b)(6)  statute of limitations | 12(b)(6)  statute of limitations |
| **COUNT II, III**<br>TILA rescission claim | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  statute of limitations | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  *res judicata*<br>12(b)(6)  statute of limitations |
| **COUNT XIII**<br>FDCPA | 12(b)(6)  statute of limitations<br>12(b)(6)  failure to state claim | 12(b)(6)  statute of limitations<br>12(b)(6)  failure to state claim |
| **COUNT XIV**<br>RESPA | 12(b)(6)  statute of limitations | 12(b)(6)  statute of limitations |
| **COUNT XV**<br>slander of title /<br>petition to quiet title | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  statute of limitations | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  *res judicata*<br>12(b)(6)  statute of limitations |
| **COUNT XVI**<br>fraudulent misrepresentation /<br>Pennsylvania Unfair Trade<br>Practices | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  statute of limitations<br>9(b)  fraud particularity | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  *res judicata*<br>12(b)(6)  statute of limitations |
| **COUNT XVII**<br>negligent supervision | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  statute of limitations<br>12(b)(6)  failure to state claim | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  *res judicata*<br>12(b)(6)  statute of limitations<br>12(b)(6)  failure to state claim |
| **COUNT XVIII**<br>fraud / injurious falsehood | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  statute of limitations<br>9(b)  fraud particularity | 12(b)(1)  *Rooker-Feldman*<br>12(b)(6)  *res judicata*<br>12(b)(6)  statute of limitations<br>9(b)  fraud particularity |

---

[2]  Because none of Plaintiff's claims are pled with the requisite specificity required by *Iqbal/Twombly*, this chart only denotes the additional grounds for dismissal of Plaintiff's claims.

## II.      FACTUAL BACKGROUND

**A.      Plaintiff's Note And Mortgage Were Executed In 2004.**

On July 21, 2004, Plaintiff executed a note in favor of America's Wholesale Lenders ("America's Wholesale") for $97,500 (the "Note") to finance real property located at 121 Big Horn, Pittsburgh, Pennsylvania (the "Property").   Compl., Ex. B (the "Note").[3]   The Note expressly stated that Plaintiff would pay "interest at a yearly rate of 8.100%", the interest rate "may change on the first day of August, 2007, and on that day every sixth month thereafter", and that the interest rate change would be "based upon an Index," which the Note further defined as "the average rate of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market" or "LIBOR."  Compl., Ex. B at p.1.  The Note explained that the LIBOR rate is "published in *The Wall Street Journal*."  Compl., Ex. B at p.1.

Plaintiff secured his loan obligation with a mortgage.  Compl., Exs. A, A-2; Ex. D (the "Mortgage").[4]   The fully executed Mortgage identifies Plaintiff as the borrower, America's Wholesale as the lender, and MERS as "nominee for Lender and Lender's successors and assigns [and as] . . . the mortgagee . . . ."  Compl., Ex. A at p.2; Ex. D at p.2.  The Mortgage also states

---

[3]   Plaintiff attached Exhibits A through C in his original Complaint but not to the Amended Complaint.  Because Plaintiff's Amended Complaint refers to these exhibits, Defendants cite to them as if they were fully incorporated therein.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993) (holding that the court will consider "a concededly authentic document upon which the complaint is based when the defendant attaches such a document to its motion to dismiss.").   For this Court's ease of reference, Defendants attach the relevant exhibits to their Motion to Dismiss.

[4]   Although Plaintiff attached a copy of his mortgage as Exhibit A to his Complaint, the copy does not reflect the recordation of the Mortgage.   Therefore, Defendants attach a copy of the recorded Mortgage and incorporate it by reference as Exhibit D.  *See Pension Benefit*, 998 F.2d at 1997 (courts generally consider "matters of public record").

that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including but not limited to, the right to foreclosure and sell the Property. . . ."  Compl., Ex. A at pp. 3-4; Ex. D. at pp. 3-4.  Plaintiff acknowledged that, by virtue of signing the Mortgage, he accepted the terms and conditions contained therein.  Compl., Ex. A-2 at p.7; Ex. D. at p.7.

**B.     MERS Initiated Foreclosure On Plaintiff's Mortgage In 2008.**

On May 14, 2008, MERS initiated foreclosure proceedings regarding the Property.  Am. Compl. ¶ 63; Compl., Ex. C; Ex. E ("Foreclosure Complaint").[5]  The Foreclosure Complaint stated that the Mortgage had been in default since December 1, 2007.  Plaintiff was served with this Complaint on June 3, 2008.[6]  MERS subsequently assigned "all of its right, title and interest, as holder of, in, and to the . . . mortgage, the property described and the indebtedness secured by the mortgage" to BNY Mellon, as reflected in an Assignment of Mortgage recorded on May 29, 2008.  On June 26, 2008, BNY Mellon filed a Praecipe for Voluntary Substitution of Plaintiff to reflect the assignment.   On July 11, 2008, BNY Mellon concurrently filed: (i) a Praecipe for Entry of Default Judgment[7] *because Plaintiff failed to Answer* the Foreclosure Complaint and (ii) a Praecipe for Writ of Execution.[8]  Thereafter, on multiple occasions the property was moved toward a Sheriff's sale, although for multiple reasons that sale has been postponed.  *See* Ex. F.

---

[5]   Plaintiff attached Exhibit C to his Complaint, which only includes the cover page of the Foreclosure Complaint.  Defendants, therefore, attach the Foreclosure Complaint in its entirety.  *See Pension Benefit*, 998 F.2d at 1997 (courts generally consider "matters of public record").

[6]   The foreclosure docket report is attached hereto and incorporated by reference as Exhibit F.

[7]   Attached hereto and incorporated by reference as Exhibit G.

[8]   Attached hereto and incorporated by reference as Exhibit H.

**C.      Plaintiff's Allegations In His Amended Complaint.**

Plaintiff initiated the present action by filing a Complaint on October 18, 2011.  Plaintiff

then filed his Amended Complaint on December 1, 2011.  More specifically, Plaintiff generally

and inadequately alleges:  violations of the Truth in Lending Act ("TILA") in Counts I through

XII; violations of the Fair Debt Collections Practices Act ("FDCPA") in Count XIII; violations

of Real Estate Settlement Procedures Act ("RESPA") in Count XIV; slander of title thereby

seeking quiet title in Count XV; fraud and misrepresentations and violations of Pennsylvania

Unfair Trade Practices 73 Pa. Stat. §§ 201-1 through 201-9.2 *et. seq.* in Count XVI; negligent

supervision in Count XVII; and common law fraud and injurious falsehood in Count XVIII.[9]

Plaintiff also challenges the Mortgage itself.  Plaintiff alleges that his "mortgage was

flawed from the date of origination of the loan because MERS was named as the beneficiary and

nominee of the lender on the Mortgage, which was done for purposes of deception, fraud,

confusing – and therefore harming – the Plaintiff, and theft of revenue from the local county

government through the illegal avoidance of mortgage recording fees."  Am. Compl. ¶ 67.

Plaintiff similarly challenges the validity of the foreclosure action.  For example, Plaintiff

contends that MERS "wrongfully sued Plaintiff in the Court of Common Pleas, Allegheny

County, for foreclosure."  Am. Compl. ¶ 63.  And Plaintiff alleges that none of the Defendants

has standing to foreclose or to enforce the Note.  Am. Compl. ¶¶ 36-37, 42, 50.

---

[9]   It is unclear from the Amended Complaint which party Plaintiff refers to throughout his
Amended Complaint because he collectively uses the term indiscriminately.  However, as used
herein, "Defendants" refers to defendants Bank of America, N.A., for itself and as successor by
merger to BAC Home Loans Servicing, L.P. ("Bank of America"), MERSCORP, Inc. and
Mortgage Electronic Registration Systems, Inc. (collectively, "MERS").

1.      **Plaintiff's Allegations Regarding MERS.**

Plaintiff alleges in a conclusory manner that MERS: "is unregistered and unlicensed to conduct mortgage lending or any other type of business in the Commonwealth of Pennsylvania and has been and continues to knowingly, intentionally, illegally and fraudulently record mortgages and conduct business in Pennsylvania on a large scale and systematic fashion."  Am. Compl. ¶ 68.  With respect to Plaintiff's Note and Mortgage, Plaintiff alleges that MERS was "not the original lender" of the Note, was not a "legally documented assignee of [] Plaintiff's Mortgage or Note and [does] not hold the original Mortgage, nor [has it] ever held [] Plaintiff's Note."  Am. Compl. ¶¶ 69, 71.  Plaintiff further alleges that MERS never had and never will "have the authority to assign the Mortgage to any entity."  Am. Compl. ¶ 73.  In fact, Plaintiff further alleges that MERS never "had any right to collect on the Note or enforce the Mortgage."  Am. Compl. ¶ 74.

2.      **Plaintiff's Allegations Regarding Bank Of America.**

Plaintiff alleges that BAC Home Loan Servicing, LP is a mortgage loan servicer; however, Plaintiff fails to allege BAC Home Loan Servicing, LP's involvement with Plaintiff's Note and/or Mortgage.  Am. Comp. ¶ 3.

### III.    ARGUMENT

A.      **This Court Lacks Subject Matter Jurisdiction To Decide Plaintiff's Claims Based Upon Rescission Of The Mortgage And The Foreclosure-Based Claims Pursuant To The *Rooker-Feldman* Doctrine.**

Pursuant to the *Rooker-Feldman* doctrine, this Court lacks jurisdiction over Plaintiff's attack of his state-court foreclosure proceeding.  *See* Am. Compl. Counts II, III, XV, XVI, XVII and XVIII.  Indeed, federal courts lack subject matter jurisdiction to review and reverse judgments that were previously rendered by state courts.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Exxon Mobil*

*Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments); *In re Madera*, 388 B.R. 586, 596 (Bankr. E.D. Pa. 2008), *aff'd*, 586 F.3d 228 (3d Cir. 2009).

The Third Circuit Court of Appeals has explained that the *Rooker-Feldman* doctrine "prohibits District Courts from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). More specifically, the Third Circuit has stated that:

> [A] claim is barred by *Rooker–Feldman* under two circumstances: first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, ***if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong.*** In either case, *Rooker–Feldman* divests the District Court of subject matter jurisdiction over those claims.
>
> . . .
>
> ***A federal claim is inextricably intertwined with an issue adjudicated by a state court when***: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) ***the federal court must take an action that would negate the state court's judgment*** . . . . In other words, *Rooker–Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its own orders.

*Id.* at 580-81 (emphasis added). Importantly, a claim need not be asserted or decided in the state-court proceeding to be barred by the *Rooker-Feldman* doctrine.

More recently, the Third Circuit has set forth four requirements for application of the *Rooker-Feldman* doctrine: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state court judgments'; (3) those judgments were

rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments." *Perkins v. Beltway Capital, LLC*, 773 F. Supp. 2d 553, 557 (E.D. Pa. 2011) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)).

Plaintiff's allegations fall squarely within the *Rooker-Feldman* doctrine's purview.  First, Plaintiff lost in the state-court action – a default judgment was entered against him in the foreclosure proceeding.  *See In re Knapper*, 407 F.3d at 575 (holding default judgment in mortgage foreclosure was sufficient to trigger application of *Rooker-Feldman*).  Second, Plaintiff complains of injuries caused by the state-court judgment – Plaintiff is seeking damages for, *inter alia*, wrongful foreclosure.  Third, MERS filed a Praecipe for Entry of Default Judgment and a Praceipe for Writ of Execution on July 11, 2008 which clearly predates this action.[10]  Lastly, the overwhelming majority of Plaintiff's Amended Complaint expressly invites this Court to reject the state-court judgment as evidenced by his requested relief for rescission of the Mortgage and damages arising out of a purported wrongful foreclosure.  *See* Am. Compl. ¶ 63 (stating that MERS "wrongfully sued Plaintiff in the Court of Common Pleas, Allegheny County, for foreclosure.").  In fact, Plaintiff contends that none of Defendants has standing to foreclose or to enforce the Note.  *See, e.g.*, Am. Compl. ¶¶ 36-37, 42, 50.  In doing so, Plaintiff directly challenges the validity of the state-court foreclosure proceeding and is, in effect, requesting this Court to "take an action that would negate the state court's judgment."  *In re Knapper*, 407 F.3d at 581; *see Perkins*, 773 F. Supp. 2d at 558..

---

[10]   The Pennsylvania Rules of Civil Procedure recognize that a "judgment" may be entered upon a praecipe by a party.  *In re Dougal*, 395 B.R. 880, 887 n.7 (Bankr. W.D. Pa. 2008) (citing Pa. R.C.P. No. 3021(a)(3)).  That is the case here.

Therefore, to the extent that Plaintiff's allegations and asserted causes of action involve rescission of the Mortgage, or cast doubt on the validity of the foreclosure proceedings, they are barred by the *Rooker-Feldman* doctrine.  *See Laychock v. Wells Fargo Home Mortg.*, No. 07-4478, 2008 WL 2890962 (E.D. Pa. July 23, 2008), *aff'd*, 399 F. App'x 716 (3d Cir. 2010).

Accordingly, the following counts are precluded since they would require this Court to review the state-court foreclosure proceedings:  Counts II and III – rescission under TILA; Count XV – slander of title and petition to quiet title; Count XVI – fraud and misrepresentation, as well as Pennsylvania Unfair Trade Practices; Count XVII – negligent supervision; and Count XVII – fraud.  For example, courts have repeatedly held that TILA claims, based upon rescission of a mortgage, are barred by the *Rooker-Feldman* doctrine because a rescission claim would necessarily negate the state court foreclosure adjudication.  *See, e.g.*, *Perkins*, 773 F. Supp. 2d at 559; *Jacobowitz v. M&T Mortg. Corp.*, 372 F. App'x 225, 227 (3d Cir. 2010) ("[A] favorable decision for the [plaintiffs] in the District Court would prevent the Court of Common Pleas from enforcing its order to foreclose the mortgage."); *In re Madera*, 388 B.R. at 598, *aff'd*, 586 F.3d at 232 (same).  Plaintiff's slander of title claim is similarly barred by *Rooker-Feldman* because Plaintiff must prove that Defendants "falsely and maliciously represented 'the title or quality of another's interest in goods or the property" and this Court would invalidate the state court default judgment if it would rule on the purported representations.  *Laychock*, 2008 WL 2890962, at *4. The same rationale applies to Plaintiff's claims regarding fraudulent misrepresentation, violations of Pennsylvania Unfair Trade Practices and fraud.  *See id.* at *6, *aff'd*, 399 F. App'x 716 (dismissing Pennsylvania Unfair Trade Practices claims under *Rooker-Feldman* because to find otherwise would require an invalidation of the state-court foreclosure proceedings).

Finally, to the extent that Plaintiff's negligent supervision claim is predicated on Defendants' breach of a duty, which would have occurred when Defendants filed the purported "wrongful foreclosure action," that claim is similarly barred. *See Laychock*, 2008 WL 2890962, at \*6 (holding negligence claim was barred by *Rooker-Feldman* because to prove the alleged breaches, plaintiff would have to prove that defendants illegally filed foreclosure action).

In short, Plaintiff's claims that call into question the validity of the mortgage itself and the propriety of the state-court foreclosure proceedings are barred under the *Rooker-Feldman* doctrine. Accordingly, Counts II, III, XV, XVI, XVII and XVIII must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

**B.     Plaintiff's Amended Complaint Should Be Dismissed Because Plaintiff's Claims Are Precluded By The Doctrine Of *Res Judicata* And They Are Time-Barred.**

**1.     Plaintiff's Attempt To Bypass The State-Court Judgment Is Barred By The Doctrine Of *Res Judicata*.**

Plaintiff's Amended Complaint, as to MERS, may be dismissed on the alternative grounds of *res judicata*. Where a final judgment on the merits has been rendered by a court of competent jurisdiction, the doctrine of *res judicata*, or claim preclusion, will bar any future suit on the same cause of action between the same parties. *Chada v. Chada*, 756 A.2d 39, 42 (Pa. Super. Ct. 2000). Thus, to the extent that Plaintiff's claims were able to be raised in the state-court proceeding, Plaintiff is barred from asserting them as to MERS, at this juncture.

A federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988).[11]   Under Pennsylvania law, a default judgment

---

[11]   Here, the Allegheny County Court of Common Pleas was a court of competent jurisdiction governing foreclosure claims arising in Pittsburgh, Pennsylvania. *See* Pa. Const. art. 5, § 5 ("There shall be one court of common pleas for each judicial district . . . having unlimited

Continued on following page

qualifies as a judgment on the merits and is entitled to preclusive effect under the doctrine of *res judicata*. *See McGill v. Southwark Realty Co.*, 828 A.2d 430, 435 (Pa. Commw. Ct. 2003); *Fox v. Gabler*, 626 A.2d 1141, 1143 (Pa. 1993); *see also Del Turco v. Peoples Home Savings Assoc.*, 478 A.2d 456, 463 n.6 (Pa. Super. Ct. 1984) ("The law provides adequate remedies for obtaining direct relief for defective default judgments and [mortgagors] failed to avail themselves of the opportunity").

The essential inquiry is "whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights." *Hochman v. Mortg. Fin. Corp.*, 137 A.2d 252, 253 (Pa. 1927).   Accordingly, "[f]our factors must exist in order for claim preclusion to apply:  (i) identity[12] in the thing being sued upon or for; (ii) identity of the cause of action; (iii) identity of the persons and parties to the action; and (iv) identity of the quality or capacity of the parties [suing or] being sued." *McGill*, 828 A.2d at 435; *Gregory*, 843 F.2d at 116; *Stevenson v. Silverman*, 208 A.2d 786, 787-88 (Pa. 1965).  All four elements are satisfied in the present case.

### a.       Identity In The Thing Being Sued Upon Or For.

In this action, it cannot be disputed that there is identity with the prior actions in the thing being sued upon or for.  Indeed, Plaintiff acknowledges that the Property at issue in this action is "121 Big Horn, Pittsburgh, Pennsylvania" (Ex. E) – the same real property that was at issue in

---

Continued from previous page
original jurisdiction in all cases except as may otherwise be provided by law."); Pa. R.C.P. No. 1142 ("The action [to foreclose a mortgage] may be brought in and only in a county in which the land or a part of the land is located.").

[12]  In this context, "identity" may be understood to mean "[t]he identical nature of two or more things" or "[a] relationship between two parties who are so close that a judgment against one prevents later action against the other because of res judicata."  *See* BLACK'S LAW DICTIONARY 597 (7th ed. 2000) (defining "identity" and "identity of parties," respectively).

the foreclosure proceedings in the Allegheny Court of Common Pleas.  *See also* Am. Compl. ¶ 63 ("MERS wrongfully sued Plaintiff in the Court of Common Pleas, Allegheny County, for foreclosure.").

In each of these past and present cases: (i) the facts are the same as to the originating events – Plaintiff's alleged default; (ii) the action requested of the court – whether the foreclosure was lawful; (iii) the subject property – 121 Big Horn, Pittsburgh, Pennsylvania; and (iv) the types of issues under consideration – the validity of and Defendants' right to enforce the Note, which includes foreclosure on the Property.  Accordingly, there is sufficient identity in the thing being sued upon to trigger *res judicata*, and Plaintiff's present attempt to relitigate the foreclosure must fail.

### b.    Identity Of The Cause Of Action.

The element of identity-of-cause-of-action is similarly satisfied.  When applying the doctrine of *res judicata*, Pennsylvania courts consider whether the subsequent action involves the specific cause of action at issue in the initial action, mandatory counterclaims to the initial action, or other issues that would in practical effect "nullify the initial judgment" or "impair rights established in the initial action."  *See Del Turco*, 478 A.2d at 463 (citing Restatement (Second) of Judgments § 22 (1980)).  Where the identical cause of action or a mandatory counterclaim thereto is invoked in the subsequent proceeding, the applicability of *res judicata* is clear.  *See, e.g.*, *Martin v. Poole*, 336 A.2d 363, 366 (Pa. Super. Ct. 1975) ("[T]he appellee was precluded from asserting in a later action a counterclaim arising out of the same transaction or occurrence which he withheld in the first action.") (citing *London v. Philadelphia*, 194 A.2d 901 (Pa. 1963)).  However, because counterclaims to a foreclosure action are permissive, the appropriateness of preclusive effect requires closer scrutiny.  *See Del Turco*, 478 A.2d at 461

- 13 -

(citing Pa. R.C.P. No. 1148); *see also Martin*, 336 A.2d at 367 ("[I]n Pennsylvania, where all trespass counterclaims are permissive rather than compulsory, the general rule should be applied that '[w]here the defendant does not interpose a counterclaim although he is entitled to do so, he is not precluded thereby from subsequently maintaining an action against the plaintiff on the cause of action which could have been set up as a counterclaim.'").  Thus, a court must consider whether, as here, "two claims have such a measure of identity and are so ***inextricably intertwined*** that a different judgment in the second action would operate to nullify or substantially impair rights or interests established by the judgment in the first." *Del Turco*, 478 A.2d at 463 (emphasis added).

Here, it cannot be disputed that the claims have such identity with the previous foreclosure action as to trigger *res judicata*.  The same reasoning asserted with respect to Plaintiff's claims that are precluded by the *Rooker-Feldman* doctrine applies with equal force to *res judicata* preclusion.  *See* Section III.A, *supra* (discussing applicability of preclusion doctrine to Counts II and III –rescission  under TILA; Count XV – slander of title; Count XVI – fraud and misrepresentation, as well as Pennsylvania Unfair Trade Practices; Count XVII – negligent supervision; and Count XVII – fraud).  Indeed, the aforementioned causes of action are "so inextricably intertwined that a different judgment in the second action would operate to nullify [and] substantially impair rights or interests established by the judgment in the first" – namely the foreclosure rights of Defendants and the ownership rights of potential third-party purchasers of the Property.

c.      **Identity Of The Persons And Parties To The Action.**

*Res judicata* also applies in this case because the prior foreclosure proceeding involved the same parties as the present matter or "a party in privity" with those parties. *See Stevenson*, 208 A.2d at 788.

The identity-of-parties element requires either identical parties or parties in privity with identical parties. *O'Connor v. O'Connor*, 139 A. 734, 735-36 (Pa. 1927) ("[F]indings and decrees are res judicata as against privies as well as parties . . . ."); *Stevenson*, 208 A.2d at 788 ("The doctrine of res judicata applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them. A final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action . . . .").

In Pennsylvania, parties that are successors in real estate transactions are deemed to be in privity. As the Pennsylvania Supreme Court has explained, "Privies are those whose relationship to the same right of property is mutual or successive. In other words, privity denotes mutual or successive relationship to the right of property, title or estate. It may be in blood, in law, or in estate . . . ." *O'Connor*, 139 A. at 735-36. MERS filed the foreclosure action, and during the course of the foreclosure proceedings, the Mortgage was subsequently assigned to BNY Mellon. Because BNY Mellon had a successive relationship to MERS, the parties are in privity. Thus, the default judgment that BNY Mellon filed against Plaintiff applies in equal force to MERS. Put another way, MERS receives the benefit of *res judicata* derivatively from BNY Mellon because MERS was a predecessor-in-interest to the Mortgage. Accordingly, the instant case satisfies the identity-of-parties element necessary to bar Plaintiff's claims on grounds of *res judicata*.

> d.   **Identity Of The Quality Or Capacity Of The Parties Being Sued.**

The final requirement of *res judicata* is that "the ultimate and controlling issues have been decided in a prior proceeding in which ***the present parties actually had an opportunity to appear and assert their right***." *Hochman*, 137 A.2d at 253 (emphasis added).  Here, there is no dispute as the relevant parties are identical.  Both MERS and Mr. Schott were parties and are parties in this action.  Thus, in this action, the parties represent the same interests and bear the same motivations to prosecute or defend the action, as in prior action.  Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to the doctrine of *res judicata*.

Accordingly, Counts II, III, XV, XVI, XVIII and XVIII fail as a matter of law and must be dismissed with prejudice, as to MERS.

> 2.   **Plaintiff's TILA, RESPA, FDCPA, Slander Of Title, Negligent Supervision And Fraud-Based Claims Are Time-Barred And Should Be Dismissed In Their Entirety.**

> a.   **Plaintiff's TILA Claims Are Time-Barred.**

Counts I through XII all allege violations of TILA based on alleged failures to provide disclosures required under TILA.  However, all of these claims are time-barred and, therefore, fail as a matter of law.

The statute of limitations for a TILA damage claim is "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).  The statute of limitations is triggered when the borrower enters into the loan agreement with the creditor.  *Oldroyd v. Assoc. Consumer Discount Co.*, 863 F. Supp. 237, 240 (E.D. Pa. 1994).  A TILA rescission claim expires three years after the consummation of the loan transaction.  15 U.S.C. § 1635(f) ("[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction . . . ."); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417-18 (1998) (TILA rescission remedy is

limited by a three-year statute of repose).   The "date of consummation" of the transaction is the date on which the loan is signed.   12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction.").

Here, Plaintiff consummated his mortgage on July 21, 2004.   However, Plaintiff did not bring suit until October 18, 2011, ***over seven years later***.   Therefore, all of Plaintiff's TILA claims are time-barred.   Accordingly, Counts I through XII fail as a matter of law and should be dismissed with prejudice.

### b.      Plaintiff's FDCPA Claim Is Time-Barred.

Claims under the FDCPA must be brought within one year of the alleged violation.   15 U.S.C. § 1692k(d).   Here, in Count XIII Plaintiff alleges violations in connection with the "filing of an unlawful foreclosure action."   Am. Compl. ¶¶ 134, 136.   As Plaintiff alleges, and as seen in the Foreclosure Complaint, the foreclosure action was commenced on May 14, 2008.   Am. Compl. ¶ 63; Compl., Ex. C; Ex. E.   Because Plaintiff did not bring the present action until October 18, 2011 – over three years later – his FDCPA claim is time-barred.   Accordingly, Count XIII fails as a matter of law and should be dismissed with prejudice.

### c.      Plaintiff's RESPA Claim Is Time-Barred.

Claims for violations of 12 U.S.C. § 2605 are subject to a three-year statute of limitations.   12 U.S.C. § 2614.   Thus, a plaintiff must allege an unreported change in servicers in the three years prior to filing of suit.   Here, Plaintiff does not allege when there was any change of servicers.   Therefore, his RESPA claim must be deemed time-barred as a matter of law. Plaintiff cannot hide behind his own failure to allege this and claim that an issue of fact exists. Accordingly, Count XIV fails as a matter of law and should be dismissed with prejudice.

### d.   Plaintiff's Slander Of Title Claim Is Time-Barred.

In Pennsylvania, actions for slander of title are governed by a one-year statute of limitations.  *Pro Golf Mfg., Inc. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 246 (Pa. 2002).  Here, in Count XV, Plaintiff alleges wrongdoing in the foreclosure process.  *See, e.g.*, Am. Compl. ¶¶ 154, 155.  As Plaintiff alleges, the foreclosure action was filed on May 14, 2008.  Am. Compl. ¶ 63; Compl., Ex. C; Ex. E.  Because Plaintiff did not bring suit until October 18, 2011, his slander of title claim is barred by the statute of limitations and fails as a matter of law.  Accordingly, Count XV fails as a matter of law and should be dismissed with prejudice.

### e.   Plaintiff's Negligent Supervision Claim Is Time-Barred.

In Pennsylvania, negligence actions are governed by a two-year statute of limitations.  42 Pa. Con. Stat. § 5524.  ("Any action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter" must be initiated within two years).  The date of the last significant event giving rise to a cause of action determines the point at which the statute of limitations begins to run.  *Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co.,* 372 F. 2d 18, 20 (3d Cir. 1966) (citing *Foley v. Pittsburgh-Des Moines Co.,* 68 A.2d 517 (Pa. 1949); *Bell v. Brady,* 31 A.2d 547 (Pa. 1943)).

Here, in Count XVII, Plaintiff alleges, albeit in a confounding way, that Defendants somehow are liable for negligently supervising their employees.  Plaintiff further alleges that Defendants' employees were "unlawful and violated Plaintiff's property rights."  Am. Compl. ¶ 172.  Thus, where Defendants' employees' purported improper actions gave rise to the "unlawful foreclosure action," which was filed in 2008 – well-past the two-year limitations period –

Plaintiff's claim is time-barred.  Compl., Ex. C; Ex. E.  Accordingly, Count XVII fails as a matter of law and should be dismissed with prejudice.

<b>f.      Plaintiff's Fraud-Based Claims Are Time-Barred.</b>

Under Pennsylvania law, a fraud claim is subject to a two year statute of limitations.  42 Pa. Con. Stat. § 5524(7).  Here, in Counts XVI and XVIII, Plaintiff attempts to assert claims for fraud and misrepresentation, including a claim for unfair trade practices. Specifically, Plaintiff alleges misrepresentations in connection with the loan transaction and in connection with the foreclosure.  Am. Compl. ¶¶ 162-164, 179, 181, 184.  The loan was consummated on July 21, 2004, and the foreclosure action was filed on May 14, 2008.  Compl., Ex. A; Ex. D; Am. Compl. ¶ 63; Compl., Ex. C; Ex. E.  Because Plaintiff did not file suit until October 18, 2011, his fraud claims are barred by the two-year statute of limitations.  Accordingly, Counts XVI and XVIII fail as a matter of law and should be dismissed with prejudice.

**C.    Each Of Plaintiff's Claims Against Bank Of America And MERS Should Be Dismissed Because Plaintiff Has Failed To Comply With Rules 8(a) And 9(b) Of The Federal Rules Of Civil Procedure.**

**1.     Plaintiff's Conclusory Allegations Compel Dismissal Under Rule 8(a).**

A complaint must be dismissed for failure to comply with Rule 8(a) if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1960 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler v. UPMC Shadyside,* 578 F.3d 203, 210, 212 (3d Cir. 2009) (noting that plaintiffs are "requir[ed] … to plead more than the possibility of relief to survive a motion to dismiss"—that is, plead enough facts so that her claims move "across the line from conceivable to plausible."  (citing *Twombly*, 550 U.S. at 570).  That means that a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

The *Iqbal/Twombly* plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully," *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56), and "requires more than labels and conclusions" or "a formulaic recitation of the elements," *Twombly*, 550 U.S. at 555. Where a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of [a plaintiff's] entitlement to relief.'" *Iqbal,* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Thus, the dispositive question is not whether a plaintiff *could* conjure up any facts that would state a claim, but whether a plaintiff *in fact has pled* sufficient facts in the first instance to support his alleged claims. *Id.* at 1949-52.

A straightforward application of these principles requires dismissal of each of Plaintiff's claims here. Plaintiff's Amended Complaint is replete with conclusory allegations and sweeping generalizations. Once the legal conclusions and formulaic recitations of the elements of the causes of action invoked are stripped from the Amended Complaint, as *Iqbal* requires, it becomes apparent that Plaintiff has not alleged sufficient factual matter to support claims against Bank of America, MERS or any defendant. An examination of each of Plaintiff's Counts illustrates the Amended Complaint's deficiencies:

- With respect to his TILA (Counts I – XII), FDCPA (Count XIII) and RESPA (Count XIV) claims, Plaintiff does nothing more than reiterate the statutory requirements for these claims. Notably, Plaintiff fails to allege facts to support these claims.

- With respect to Plaintiff's slander of title claim (Count XV), Plaintiff does not plead facts showing that Defendants filed any false documents or wrongfully brought foreclosure.

- With respect to Plaintiff's negligent supervision claim (Count XVII), Plaintiff merely recites the requisite elements without providing a scintilla of factual support to demonstrate how any Defendant is liable for any purported unlawful action taken by its employee.

- 20 -

- With respect to Plaintiff's fraudulent misrepresent and Pennsylvania Unfair Trade Practices claim (Count XVI) and fraud claim (Count XVIII), Plaintiff merely parrots the elements for each claim without providing factual support. And Plaintiff makes general statements regarding Defendants' purported "deceptive acts"; "fraudulent misrepresentations"; and "unfair and deceptive trade practices," all of which are wholly insufficient to support his fraud-based claims.

Plaintiff's "group pleading" further underscores the lack of factual support for his claims – and his failure to direct any specific allegations against Bank of America or MERS is reason enough to dismiss the Amended Complaint.

Accordingly, Counts I–XVIII fail as a matter of law and should be dismissed with prejudice for failure to state a claim under 12(b)(6) and 8(a).

2.    **Plaintiff's Fraud-Based Claims Should Be Dismissed For Failure To Plead The Underlying Fraud With The Specificity Required By Rule 9(b).**

Plaintiff's claims under Counts XVI (fraud and misrepresentation and unfair trade practices) and XVIII (common law fraud and injurious falsehood) fail because Plaintiff has not, and cannot plead his claims with particularly.  To satisfy Rule 9(b), a plaintiff must allege:

> the "circumstances" of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior. Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." . . . Plaintiffs must also allege who made a misrepresentation to whom and the general content of the misrepresentation.

*Silverstein v. Percudani*, 422 F. Supp. 2d 468, 471 (E.D. Pa. 2006), *aff'd*, 207 F. App'x 238 (3d Cir. 2006) (citing *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004)).

Plaintiff's allegations in support of his fraud claims fall well-short of these requirements. Plaintiff refers in Count XVI to "a multitude of misrepresentations, including but not limited to the true identity of the Lender, and the fraudulent misrepresentation as to the Mortgagee." Am. Compl. ¶ 163.  Plaintiff also alleges that "Defendants induced the Plaintiff to enter into the

transaction when there existed in the inducement and execution material representations that were false and were known to be false or were made recklessly, which inducement was reasonably acted upon by Plaintiff and acted upon in reliance thereon and Plaintiff [has] suffered injury proximately due to each."  Am. Compl. ¶ 164.  In Count XVIII, Plaintiff alleges that "publicly filed false mortgage assignments enabled all of the Defendants to perpetrate the fraudulent foreclosure."  Am. Compl. ¶ 179.  Plaintiff further alleges that "Defendants made many misleading statements that the loan contained certain terms desirable to the consumer when it did not."  Am. Compl. ¶ 184.

Plaintiff's allegations are conclusory, not factual.  They provide absolutely no detail of the "circumstances" of the alleged fraud.  *Silverstein*, 422 F. Supp. 2d at 471.  Nor do they state the "date, place or time" of the alleged fraud, who made the representations, to whom they were made, or the content of the representations.  *Id.*  Plaintiff does not allege any *facts* regarding Defendants' knowledge or intent, how he relied on any representations, or what specific damages he incurred.  Moreover, as discussed above, there is no merit to Plaintiff's allegations of wrongdoing in the filing of assignments or in the foreclosure process.

Because Plaintiff's fraud claims entirely fail to meet the particularity requirements for pleading fraud, Counts XVI and XVIII fail as a matter of law and should be dismissed with prejudice for failure to state a claim under 12(b)(6) and 9(b).

**D.     Plaintiff's FDCPA And Negligent Supervision Claims Fail To State Any Claim Upon Which Relief May Be Granted Because Plaintiff Fails To Plead The Requisite Elements.**

**1.     Plaintiff's FDCPA Does Not Apply To Bank Of America Or To MERS.**

In Count XIII, Plaintiff contends that Defendants violated the FDCPA, as a result of Defendants attempting to collect on a debt, by "assisting in the filing of an unlawful foreclosure action in county court."  Am. Compl. ¶¶ 134-143.  As stated previously, Plaintiff's claim under

the FDCPA is time-barred by the FDCPA's one-year statute of limitations. *See* Section III.C.2.b, *supra*.

Plaintiff's FDCPA claim should be dismissed for numerous independent reasons, including: (i) neither Bank of America nor MERS is a "debt collector" as defined under the FDCPA; and (ii) Plaintiff has not alleged that MERS attempted to collect a "debt" from him.

### a.      Neither Bank of America Nor MERS Is A Debt Collector.

Plaintiff's FDCPA claim (Count XIII) as to Bank of America and MERS must necessarily fail because neither Bank of America nor MERS is a "debt collector" as defined by the statute. Plaintiff's argument to the contrary misses the mark.

Under the FDCPA, "the term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails" to collect debts "or who regularly collects or attempts to collect . . . debts . . . owed or due *another*" and does not include a consumer's creditors. 15 U.S.C. § 1692a(6) (emph. added); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA."); *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their *own* behalf."). Furthermore, the exclusion from the definition of "debt collector" includes mortgagees. *See Zlupko v. Wash. Mut. Bank*, No. 02-civ-1179, 2004 WL 2297400, at *2 (E.D. Pa. Oct. 13, 2004) ("Mortgage lenders and servicers . . . are generally exempt from the FDCPA.").

### i.      Bank Of America Is A Loan Servicer – Not A Debt Collector

Plaintiff alleges that Bank of America is the loan servicer. Am. Compl. ¶ 3. A loan servicer, someone who services but does not own the debt, is not a "debt collector" if the servicer begins servicing of the loan before default. *Dawson v. Dovenmuehle Mortg., Inc.*, No. 6171, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002). The Amended Complaint is devoid of any

- 23 -

reference as to when Bank of America began servicing the loan.  Indeed, Plaintiff has not alleged that Bank of America only began servicing the loan after it was in default.  Thus, Plaintiff's FDCPA claim, as to Bank of America, fails as a matter of law.

Accordingly, Count XIII should be dismissed with prejudice, as to Bank of America, for failure to state a claim under 12(b)(6).

### ii.      FDCPA Does Not Apply To MERS Because MERS Is Not A Debt Collector

The Mortgage, which Plaintiff signed and agreed to, identified MERS as the mortgagee. Compl., Ex. A, at p. 2.  Because any alleged attempts by MERS to collect a debt from Plaintiff was in its capacity as mortgagee (as nominee for the noteholder), MERS was not a debt collector and is not subject to the FDCPA.  *See Romberger v. Wells Fargo Bank, N.A.*, 2008 WL 3838026, at *4 (E.D. Mich. Aug. 14, 2008) (holding that "MERS, as the original mortgagee, is in the same position as the [note holder]" and therefore not a "debt collector" under the statute).  Thus, Plaintiff's FDCPA claim, as to MERS, fails as a matter of law.

Accordingly, Count XIII should be dismissed with prejudice, as to MERS, for failure to state a claim under 12(b)(6).

### b.      Bank Of America Did Not Attempt To Collect On A Debt.

Plaintiff's FDCPA claim (Count XIII), as to Bank of America, should be dismissed for the additional reason that Plaintiff has not alleged that Bank of America attempted to collect on a "debt" as defined under the statute.  The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors, while attempting to collect on a "debt."  *See* 15 U.S.C. § 1692a(6).  Under the FDCPA, a "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Here, Plaintiff has failed to allege that Bank of America attempted to collect on a debt. In fact, Bank of America was not even a party in the prior state-court foreclosure action.  Thus, Plaintiff's FDCPA claim, as to Bank of America, necessarily fails.

Accordingly, Count XIII should be dismissed with prejudice, as to Bank of America, for failure to state a claim under 12(b)(6).

**2.      Plaintiff's Negligent Supervision Claim Fails Because Plaintiff Fails To Plead The Requisite Elements.**

In Count XVII, Plaintiff alleges that Defendants negligently supervised their employees and agents, whose actions, "as alleged previously, were unlawful and violated Plaintiff's property rights." Am. Compl. ¶ 172.

Pennsylvania courts have long recognized employer liability for negligent hiring, retention, and supervision.  "It has long been the law in this Commonwealth that an employer may be liable for negligence if it knew or should have known that an employee was dangerous, careless, or incompetent, and such employment might create a situation where the employee's conduct would harm a third person." *Brezenski v. World Truck Transfer Inc.,* 755 A.2d 36, 39-40 (Pa. Super. Ct. 2000) (citing *Dempsey v. Walso Bureau Inc.*, 246 A.2d 418 (Pa. 1968)). Where the victim seeks to recover based on the employer's negligence in hiring, retaining or supervising its employee, the "victim must establish that the employer breached a duty to protect others against a risk of harm.  Where the victim does not enjoy a special relationship [such as a customer] and is in fact a stranger, the duty may be inferred from the general duty not to place others at risk of harm through their actions." *Brezenski*, 755 A.2d at 42.

Plaintiff's negligent supervision claim is clearly derivative of Plaintiff's other failed claims. What is more, Plaintiff fails to plead facts to support that either Bank of America or MERS "knew or should have known" that their respective employees were engaging in behavior that was injurious to Plaintiff. Rather, Plaintiff merely reiterates the elements of negligent supervision. Without more, Plaintiff's negligent supervision claim fails as a matter of law.

Accordingly, Count XVIII should be dismissed with prejudice for failure to state a claim under 12(b)(6).

**E.     Plaintiff Should Not Be Permitted To Amend The First Amended Complaint.**

As demonstrated above, Plaintiff's claims not only fail as a matter of law, but they are also fatally flawed. Plaintiff simply cannot overcome (i) the jurisdictional barrier of the *Rooker-Feldman* doctrine, with respect to his rescission and foreclosure-based claims; (ii) the preclusion of *res judicata*, as to MERS; or (iii) the statute of limitations with respect to each claim, as to Bank of America and MERS. Thus, any attempt by Plaintiff to seek additional leave to amend would be futile. *See Morgan v. Hanna Holdings, Inc.*, No. 07-803, 2010 WL 1286946, at *1 (W.D. Pa. Mar. 31, 2010) (citing *Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (leave may be denied where proposed amendment would be futile or where amendment is prejudicial, arises from undue delay or dilatory motive).

## IV.     <u>CONCLUSION</u>

For all of the foregoing reasons, BAC Home Loans Servicing, LP, Bank of America, N.A., MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. respectfully request that the Court grant their motion in its entirety and dismiss Plaintiff's First Amended Complaint with prejudice.

Respectfully submitted,

REED SMITH LLP

By: */s/ Jarrod D. Shaw*
    K. Issac deVvyer (Pa I.D. No. 202655)
    Jarrod D. Shaw (Pa I.D. No. 93459)
    Gretchen Woodruff Root (Pa. I.D. 309683)
    Reed Smith Centre
    225 Fifth Avenue
    Pittsburgh, PA 15222-2716
    Telephone: (412) 288-3131
    Facsimile: (412) 288 3063

    *Counsel for Defendants*

    Bank of America, N.A., for itself and as
    successor by merger to BAC Home Loans
    Servicing, L.P., MERSCORP, Inc., and
    Mortgage Electronic Registration Systems, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of February, 2012, I filed a true and caused the

foregoing to be served on the following via ECF:

Harold E. Lucas
LUCAS & NOWAK, LLP
2631 E. Geer St
Durham, NC 27704

*Counsel for Plaintiff*

/s/ Jarrod D. Shaw
Jarrod D. Shaw
*Counsel for Defendants*
